IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> PAUL ANDREW LARSON, <br><br> Defendant. | ORDER <br><br><br> Case No. 2:06 CR 572 (TC) |

Based on four convictions in Utah state court, Defendant Paul Andrew Larson faces the possibility of an enhanced sentence of mandatory life imprisonment for his drug-related convictions in this case.  Mr. Larson challenged the four convictions  pursuant to 28 U.S.C. § 851.  The court held an evidentiary hearing and now enters the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

<u>FINDINGS OF FACT</u>

Following a jury trial in this court, Defendant Paul Andrew Larson was convicted of five counts of drug-trafficking crimes, violations of 21 U.S.C. § 841. On count three, the jury found that the amount of actual or pure methamphetamine involved was 3,638 grams. (Verdict, Docket No. 260.)

Before trial, the government filed a Notice of Sentencing Enhancement notifying Mr. Larson that he could be subject to an increased punishment as a result of the following

convictions:

1.     Attempted operation of a clandestine laboratory, a third degree felony, in the Third District Court, Salt Lake County, State of Utah, case number 001908060. Conviction date: October 2, 2000.

2.     Attempted operation of a clandestine laboratory, a second degree felony, in Third District Court, Salt Lake County, State of Utah, case number 981917886. Conviction date : October 2, 2000.

3.     Possession with intent to distribute a controlled substance, a third degree felony, in the Third District Court, Salt Lake Count, State of Utah, case number 981916926. Conviction date: October 2, 2000.

4.     Unlawful distribution of a controlled substance, a third degree felony, in the Third District Court, Salt Lake County, State of Utah, case number 891901163. Conviction date: November 3, 1989.

(Notice Sent. Enhanc., Docket No. 166.)

The Presentence Report (PSR) listed these four convictions in paragraph 32 (case number 891901163), paragraph 40 (case number 9819169260), paragraph 41 (case number 981917886) and paragraph 44 (case number 001908060).  As a consequence of these convictions, the PSR author noted that a sentence of life imprisonment was required.

Mr. Larson, through his counsel Randall Gaither, objected to the sentencing enhancement. (Obj., Docket No. 271.)  Both parties submitted memoranda on the issue.  The court held a hearing on July 22, 2009, to determine whether the government had shown, beyond a reasonable doubt, that Mr. Larson was subject to a mandatory life sentence.  Mr. Gaither objected to the court's preliminary conclusion that the government—using only documentary

evidence and with no live witnesses—had met its burden of establishing that the Paul Andrew
Larson named in the four prior convictions listed in the Notice of Sentencing Enhancement was
the same Paul Andrew Larson in this case.  In response to Mr. Gaither's objections, the court set
an evidentiary hearing for August 11,2009.[1]

## A.    The August 11 Hearing

The government called four witnesses: Officer Zelma Farrington, Detective Don Wahlin,
Julie Hatchett, and Valli Kelly.  The Defense recalled Ms. Kelly during its presentation.

### 1.    Zelma Farrington

Officer Farrington is a records keeper with the Salt Lake County Sheriff's Department.
Her responsibilities include keeping and administering the records from the Salt Lake County
Jail.  She established the foundation for Exhibits 4A, 4B, 4C, 4D and 4E: photos of Mr. Larson
taken at the time of his arrests for various offenses.[2]

As Officer Farrington explained, any person booked into the jail receives a Sheriff's
Office Number (SO).  Unless a person uses a different name, a person keeps the same SO each
time he or she is booked into the jail.

Mr. Larson's SO is 1599700803.  That number, with other information written by Officer
Farrington, appeared on each of the photos.  Officer Farrington explained the source of that

---

[1]Before the evidentiary hearing Mr. Gaither filed a motion to dismiss the sentencing
enhancement and an objection to the government's motion to obtain Mr. Larson's fingerprints.
(See Docket No. 285.)  At the hearing, the court denied both motions. The court noted that it was
within the court's discretion to continue hearings and that Mr. Larson suffered no prejudice as a
result of the continuance.
        Regarding the objection to the taking of Mr. Larson's fingerprints, the court noted that,
under established law, the taking of fingerprints of an individual in custody did not fall within the
protection of the Fourth Amendment and a search warrant was not required.

[2]Mr. Gaither objected to most, if not all, of the government's proposed exhibits.  Over
Mr. Gaither's objections, the court admitted the exhibits.  The court will not repeat the objections
nor the court's rulings as all are found in the transcript of the hearing.

information to the satisfaction of the court.

       2.      <u>Detective Don Wahlin</u>

On August 4, 2009, Detective Wahlin, who works with the Drug Enforcement Metro Task Force, went to the Davis County Jail where Mr. Larson is currently housed. As authorized by this court, a deputy from the jail took Mr. Larson's fingerprints. (<u>See</u> Order, Docket No. 284.) After witnessing the procedure, Detective Wahlin took the fingerprint card to Julia Hatchett, a fingerprint technician with the Bureau of Fingerprint Identification. The court received this fingerprint card as Exhibit 2F.

       3.      <u>Julia Hatchett</u>

Ms. Hatchett, a sixteen-year veteran of the Bureau of Fingerprint Identification, described the process she used to compare the known fingerprints of Mr. Larson and those taken from other fingerprint cards, which the government claimed reflected Mr. Larson's previous arrests. Ms. Hatchett prepared fingerprint comparison cards, which the court received as Exhibits 2A, 2B, 2C, 2D and 2E .

In Ms. Hatchett's opinion, which the court found convincing based on her qualifications and expertise, the comparison showed that the fingerprints on all of the exhibits were those of Mr. Larson.

Ms. Hatchett also explained that the Bureau of Criminal Investigation assigned a State Identification (SID) number to Mr. Larson. As with the SO number, the SID number assigned to an individual remains the same for any subsequent arrest. Mr. Larson's SID number is 320205.

Finally, Ms. Hatchett described how the information found in the Utah Criminal History

Record for Mr. Larson was gathered and stored.[3]  The court admitted Mr. Larson's record or so-called rap sheet as Exhibit 2G.

>    4.    Valli Kelly

Ms. Kelly is an experienced officer with the United States Probation Office.  As part of her duties in that capacity, she wrote the PSR for Mr. Larson.  She testified that she interviewed Mr. Larson and asked for and received both his birth date, which is July 8, 1967, and his Social Security Number.  Ms. Kelly also testified that when she prepares a PSR, she routinely relies on records from various state courts, such as those admitted as Exhibits 1A, 1B, 1C and 1D.

**B.    The Prior Convictions**

Based on the testimony of the witnesses and exhibits and as explained in detail below, the court finds that the evidence establishes beyond a reasonable doubt that Paul Andrew Larson, the Defendant in this case, is the same person who was convicted of the four drug-trafficking offenses set forth in the Notice of Sentencing Enhancement.

>    1.    Attempted Operation of a Clandestine Laboratory, Case Number
>           001908060.

The state court records for this case were admitted as Exhibit 1D.  The first two pages of that exhibit are the "Minutes [sic] Sentence, Judgment, Commitment" ("J&C")[4]  in State v. Paul Andrew Larson, No. 001908060 FS (Utah D. Ct., Oct. 2, 2000).  Paul Andrew Larson's birth date is listed on the document as July 8, 1967, the same date that Mr. Larson provided gave to probation officer, Ms. Kelly.  (Ex. 1D, 1.)  Clark Harms is shown as the prosecutor.  (Id.)

---

[3]Ms. Hatchett explained, to the court's satisfaction, the relationship between the Bureau of Criminal Investigation and the Bureau of Fingerprint Identification.  Moreover, the court found Ms. Hatchett qualified to establish the foundation for Exhibit 2G.

[4]The court will use the abbreviation J&C to refer to the four documents, which are similiar, that reflect the prior convictions of Mr. Larson that are at issue here.

5

The charging document, an Information, shows the same July 8, 1967, birth date.  (Id., 11.)  The SO number listed is 159970, which is the same number that Officer Farrington testified is assigned to Mr. Larson.  (Id.)

Finally, Mr. Larson's rap sheet lists this conviction as "Incident # 13."  (Ex. 2G, 8.).  The rap sheet lists the case number as 001908060.

### 2.   Attempted Operation of a Clandestine Laboratory, Case Number 81917886.

The state court records for this case, State v. Paul Larson, No. 981817886 FS (Utah D. Ct., Oct. 2, 2000), were admitted as Exhibit 1C.  As with the previous set of documents, the first two pages indicate that the date of the conviction was October 2, 2000, the date of birth provided was July 8, 1967, and the prosecutor was Clark Harms.  (Ex. 1C, 1-2.)  The Social Security Number on the Information matches the number that Mr. Larson gave to Ms. Kelly and the number that is displayed on second page of the PSR.  (Id., 11.)  The SO number listed is 0159976.  (Id.)

Mr. Larson's rap sheet lists this conviction as "Incident # 8."  (Ex. 2G, 5.)  The case number listed is 981917886.  (Id.)

### 3.   Possession with Intent to Distribute a Controlled Substance, Case Number 981916926.

The state court records for this case, State v. Paul A. Larson, No. 981916926 FS (Utah D. Ct. Oct. 2, 2000), were admitted as Exhibit 1B.  The J&C shows the date of conviction as October 2, 2000, and the date of birth as July 8, 1967.  (Id.)  Again, Clark Harms is listed as the prosecutor.  (Id.)

The charging document, an Amended Information, provides the birth date of Paul A. Larson as 07/18/67, instead of 07/08/67, which is the date shown on the front page of the J&C

6

and the date that Mr. Larson gave to Ms. Kelly.  (Id., 11.)  The court concludes this discrepancy

is the result of a typographical error.  The Social Security Number on the Amended Information

matches the number Mr. Larson gave to Ms. Kelly.  (Id.)

Mr. Larson's rap sheet shows this conviction as "Incident # 7."  ( Ex. 2G, 4-5.)  The case

number is 981916926.  (Id., 5.)

4.      Unlawful Distribution of a Controlled Substance, Case Number
891901163.

The court admitted the state court records for this case, State v. Paul A. Larson, No.

891901163 (Utah D. Ct. Oct. 30, 1989), as Exhibit 1A.  The J&C shows the date of conviction as

October 30, 1989.  (Ex. A., 1.)  Mr. Larson's birth date is shown as 7/08/67.  (Id.)  This birthdate

is repeated throughout the documents contained in Exhibit A.

Mr. Larson's rapsheet records this conviction" as "Incident # 1."  (Ex. 2G, 2.)  No district

court case is listed.  The date of disposition is September 18, 1989.  (Id.)  This date corresponds

to the date shown in the court records as the date when Mr. Larson entered a plea of guilty.  (Ex.

1A, 9, 11.)

On cross-examination at trial, Mr. Larson admitted that he had been convicted of three

offenses on October 2, 2000, which were as follows:  attempted operation of a clandestine

laboratory; operation of another clandestine laboratory; and possession with intent to distribute a

controlled substance.  (March 25, 2009 Trial Transcript (Tr.), 37-38, 60-61.)  These were the first

three offenses listed on the Notice of Sentencing Enhancement.

Although Mr. Larson plead guilty to all three offenses on the same date, the records show

that the three offenses did not occur on the same date.  The incident that resulted in case number

001919060, Attempted Operation of a Clandestine Laboratory, occurred on January 21, 2000.

(Ex. 1D, 11-12.).  The second offense, Attempted Operation of a Clandestine Laboratory, case

number 981917886, took place on September 1, 1998.  (Ex. 1C, 12.)  And the third offense,

Possession with Intent to Distribute, case number 981916926, took place on August 22, 1998.

(Ex. 1B, 12.)  Mr. Larson plead guilty to the three drug-trafficking offenses (and another non-

drug offense) as the result of a plea agreement reached by Mr. Larson's attorney, Mr. Gaither,

and the prosecutor, Mr. Harms.  (Letter of July 26, 2000, Ex. B.)

## CONCLUSIONS OF LAW

Mr. Larson was convicted of one count of manufacture or attempted manufacture of more

than fifty grams of actual methamphetamine (the jury found that the amount was 3,638 grams) in

violation of 21 U.S.C. §§ 841(a)(1), and aiding and abetting in the violation.  He was also

convicted of four counts of possession of listed chemicals in violation of 21 U.S.C. § 841.

Twenty-one U.S.C. § 841(b) outlines the penalties for those individuals who violate §

841.  Relevant to this case, the statute provides that any person who violates § 841 "after two or

more prior convictions for a felony drug offense have become final, . . .  shall be sentenced to a

mandatory term of life imprisonment without release and fined in accordance with the preceding

sentence."  Id. § 841(b)(1)(A)(viii).

When the government intends to seek an enhanced sentence such as that provided for by

§ 841(b)(1)(A)(viii), it must first provide notice of that intent and enumerate the prior felonies.

21 U.S.C. § 851.  The statute provides as follows:

> No person . . . shall be sentenced to increased punishment by reason of one or more
> prior convictions, unless before trial . . . the United States attorney files an
> information with the court (and serves a copy of such information on the person or
> counsel for the person) stating in writing the previous convictions to be relied upon.

Id. § 851(a)(1).

Before being sentenced, a defendant facing an enhanced sentence has the opportunity to

"affirm[] or deny[] that he has been previously convicted as alleged."[5]  21 U.S.C. § 851(b).  But in order to deny a prior conviction, the defendant must have filed a written response to the Information.[6]  Id. § 851(c)(1); see also id. § 851(c)(2) ("Any challenge to a prior conviction, not raised by response to the information . . . shall be waived unless good cause be shown . . ."); id. § 851(d)(1) ("If the person files no response to the information . . . the court shall proceed to impose sentence . . . .").

When a defendant challenges a prior conviction, the court will hold a hearing, without a jury, "to determine any issues raised by the response which would except the person from increased punishment."  Id. § 851(c)(1).  Either party may introduce evidence.  But the government has the burden of proving any issue of fact beyond a reasonable doubt.  Id.  The court may proceed and impose sentence only if it determines that "the person is subject to increased punishment by reason of prior convictions."  Id. § 851(d)(1).

In this case, Mr. Larson was convicted by a jury of violations of 21 U.S.C. § 851.  Before his trial, as required by 21 U.S.C. § 851(a)(1), the government properly filed an Information,

---

[5]The statute provides, "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction . . . which occurred more than five years before the date of the information alleging such prior conviction."  21 U.S.C. § 851(e).  Neither Mr. Larson nor the government uncovered case law providing guidance as to the meaning of this provision.  Although the court was unable to find case law from the Tenth Circuit or district courts within its purview, other courts have suggested that this provision does not preclude a challenge based on identity.  United States v. Dickerson, 514 F.3d 60, 65 (5th Cir. 2008)(indicating that 21 U.S.C. § 851(e) "does not cover the mistaken identity possibility that the defendant is not the person who had the prior convictions").  Regardless, although Mr. Larson's convictions occurred more than five years before the date of the information, the court does not rest its conclusion on this provision.

[6]Other courts have concluded that Congress intended the statute to save defendants from increased sentences based on prior offenses that were incorrectly charged.  United States v. Wallace, 895 F.2d 487, 489 (8th Cir. 1990).  Similarly, Congress seemingly intended the statute to give defendants the opportunity to demonstrate if they were not the individuals convicted of the prior offenses.  Id.

which notified Mr. Larson that he could be subject to an increased punishment as a result of his prior felony drug convictions.  (See Notice Sentence Enhance, Docket No. 166.)  If convicted of the charged offense, the prior convictions exposed Mr. Larson to a mandatory term of life imprisonment without release per § 841(b)(1)(A)(viii).

Mr. Larson objected to the sentencing enhancement.  (See Obj., Docket No. 271.) Through his attorney Mr. Gaither, he presented several grounds for his objection, only some of which the court will consider in detail here.  Mr. Larson argued that the court should treat three of the prior convictions as one, contending that the convictions represented a "single criminal episode" and arose from a "single uninterrupted act of criminality."  (Id., 2.)  He also argued that the prior state felony convictions did not qualify as felonies under federal law.  Finally, he argued that the government must prove the prior convictions.

The court held a hearing without a jury as required by § 851(c)(1).  As previously explained, the government submitted overwhelming evidence in the form of testimony and documents that Mr. Larson, the Defendant in this case, was the same individual convicted of the four prior felonies identified in the Information.

The evidence showed that Mr. Larson was convicted on October 2, 2000, of three of the four convictions identified in the Information.  He plead guilty to attempted operation of a clandestine laboratory, a third degree felony; an amended count of attempted operation of a clandestine laboratory, a second degree felony; and possession with intent to distribute, a third degree felony.  (Ex. 1D, Ex. 1C; Ex. 1B.)  And despite Mr. Larson's urging, the court may not group these convictions and treat them as a "single criminal episode" or as if they arose from a "single uninterrupted act of criminality."  (Obj., 2, Docket No. 271.)  Case law provides that sentencing guidelines do not trump mandatory minimum statutes.  Cf. United States v. Cannon,

10

429 F.3d 1158, 1160 (7th Cir. 2005) ("Prior convictions that affect minimum sentences are not treated like 'criminal history' under the Sentencing Guidelines, which . . . affects the presumptive sentencing range without establishing a floor.  Recidivist provisions do set floors, and judges must implement the legislative decision . . .; the point of such statute is to limit judicial discretion . . .").  Moreover, although the convictions occurred on the same day, the court notes that the offenses occurred on separate occasions.

Finally, the evidence showed that Mr. Larson's fourth conviction, of the offense of unlawful distribution of a controlled substance, a third degree felony, occurred on November 3, 1989.

Despite Mr. Larson's contentions, these four prior state convictions represent felony drug offenses for purposes of § 841(b)(1)(A)(viii).  Twenty-one U.S.C. § 802(44) provides, "The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country . . . ."  Id.  When "'determining whether a state conviction is punishable for more than one year's imprisonment for purposes of a federal criminal statute predicated on a prior felony conviction or for federal sentencing purposes, we look to the maximum penalty allowed by [the state] statue.'"  United States v. Guzman-Tlaseca, 546 F.3d 571, 579 (8th Cir. 2008) (quoting United States v. Murillo, 422 F.3d 1152, 1153-54 (9th Cir. 2005)); see also United States v. Hawkins, 548 F.3d 1143, 1150 (8th Cir. 2008) (recognizing that defendants' prior possession conviction is "a state law felony drug offense punishable by imprisonment for more than one year").  Each of the four convictions at issue here is eligible for a maximum punishment under Utah state statutes for more than a year.  (See Ex. 1A, 1B, 1C, 1D (discussing maximum penalty Mr. Larson faced for each offense).)

Accordingly, the court concludes that the government satisfied its burden and demonstrated beyond a reasonable doubt that Mr. Larson is subject to increased punishment by reason of his prior convictions.

DATED this 18th day of August 2009.

BY THE COURT:

TENA CAMPBELL
Chief Judge