# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** v. PAUL ANDREW LARSON, **Defendant.** | **MEMORANDUM DECISION AND ORDER** Case No. 2:06-cr-572-DB-PMW District Judge Dee Benson Magistrate Judge Paul M. Warner |

This case has been referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Paul Andrew Larson's ("Defendant") motion to release from detention.[2] The court denies Defendant's motion for the following reasons.

## I. Custody

In the court's view, Defendant is not in pretrial detention. He remains in the custody of the Bureau of Prisons ("BOP") pursuant to his sentence and conviction. Although Defendant asserts that the opinion of the Tenth Circuit states that his conviction has been reversed and set aside, a plain reading of the opinion indicates otherwise. In the opinion, the Tenth Circuit stated

---

[1] District Judge Tena Campbell entered the original order referring this case to Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(A). *See* docket no. 229. In January 2011, Judge Campbell recused herself in this case, and it was reassigned to District Judge Dee Benson. *See* docket no. 329. Although the case was reassigned to Judge Benson, the reference to Judge Warner remains in place.

[2] *See* docket no. 333.

that it was reversing the district court's denial of Defendant's motion to dismiss for violating the Speedy Trial Act, affirming the district court's denial of Defendant's Sixth Amendment speedy trial claim, and remanding the case to the district court to determine whether the indictment should be dismissed with or without prejudice for violation of the Speedy Trial Act. *See United States v. Larson*, 627 F.3d 1198, 1202, 1211 (10th Cir. 2010). Accordingly, this court is not persuaded that the Tenth Circuit's opinion has specifically set aside Defendant's conviction and sentence. Rather, until the district court dismisses the indictment, either with or without prejudice, this court has no jurisdiction or authority to release Defendant from the legal custody of the BOP. This is true regardless of the fact that Defendant is now in the physical custody of a non-BOP facility. In the court's experience, it is not uncommon for an individual to be in the legal custody of a certain entity, while a different entity may have physical custody of the same individual pursuant to a lawful writ.

## II. Remaining Arguments

Even if Defendant had been able to persuade the court that he was either in pretrial custody or detention and that this court had jurisdiction to order his release, the court would still not order his release because there has been no due process violation and because he would be subject to detention under 18 U.S.C. § 3142.

### A. Due Process

Pursuant to the cases cited by Defendant, the court should consider the following three factors in determining whether Defendant's pretrial detention has violated his due process rights: (1) the length of the detention, (2) the extent of the prosecution's responsibility for the delay, and

2

(3) the strength of the evidence upon which the detention was based. *See, e.g.*, *United States v. Jarvis*, 299 Fed. App'x 804, 807 (10th Cir. 2008) (unpublished).

With regard to the first factor, Defendant has been continuously detained since his arrest on June 26, 2007. He was in pretrial detention from that date until trial was held March 2009. After he was convicted by the jury at trial, he was held awaiting sentencing, and was then sentenced to a term of life imprisonment to be served in a BOP facility. Accordingly, Defendant's pretrial detention lasted from June 26, 2007 until his trial, which is a period of approximately 21 months. While that is a significant period of pretrial detention, and a factor that must be weighed against the other two, it is not sufficient in and of itself to constitute a due process violation requiring Defendant's release.

Turning to the second factor, the court concludes that it weighs heavily against Defendant because every delay is attributable to him, not the prosecution. Consistent with this conclusion, the Tenth Circuit indicated in its Sixth Amendment analysis that the reason for any delay "weighs heavily against [Defendant]." *Larson*, 627 F.3d at 1210. The Tenth Circuit also stated that "the government argues persuasively that every continuance is attributable to [Defendant]." *Id*. at 1209.

The third factor also weighs heavily against Defendant. In this case, there is this court's and the district judge's independent assessment of the evidence, which constituted at least one of the factors resulting in Defendant's pretrial detention. There is also the jury verdict. The jury found Defendant guilty beyond a reasonable doubt on all five counts of the indictment. That

verdict serves as verification that the evidence supporting Defendant's detention in this case is particularly strong.

Considering all three factors, the court concludes that there has been no due process violation.  Consequently, even if Defendant had persuaded the court that he was in pretrial detention, the court would still not order his release based on his due process argument.

## B. 18 U.S.C. § 3142

18 U.S.C. § 3142 sets forth the factors for the court to consider in determining whether a defendant should be held in pretrial custody.  That statute directs the court to consider, among other things, the weight of the evidence against Defendant, which, as discussed above, is a significant factor weighing against Defendant's release.  The statute also directs the court to consider the nature and circumstances of the offenses charged, including whether the offense involves a narcotic drug.  The indictment against Defendant involves five counts of narcotics offenses.  As part of the consideration of the charged offenses, the statute also directs the court to consider the potential penalty.  Given that Defendant has already been convicted of these charges and received a sentence of life imprisonment, the court believes that weighs in favor of Defendant being a risk of nonappearance.  The statute also directs the court to consider the history and characteristics of Defendant, including his criminal history.  As the pretrial services report shows, and as the district court concluded in the hearing to enhance Defendant's sentence, Defendant has at least two prior convictions for felony narcotics offenses, which demonstrates that Defendant would be a danger to the community if released.  Finally, the statute directs the court to consider the presumption of detention that applies to these offenses pursuant to 18

4

U.S.C. § 3142(e), under which it is presumed that no set of conditions will reasonably assure Defendant's appearance at future proceedings and the safety of the community.

Based on the court's consideration of the factors set forth in 18 U.S.C. § 3142, even if Defendant had been able to persuade the court that he was in pretrial custody an that this court had jurisdiction to order his release, the court would still not order his release because he would be subject to detention under 18 U.S.C. § 3142.

For all of the foregoing reasons, Defendant's motion for release from detention[3] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 13th day of April, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[3] *See* docket no. 333.