IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL ANDREW LARSON,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:06-cr-572<br><br>Judge Dee Benson |

On October 30, 2008, Defendant Paul Larson filed a Motion to Dismiss based on an alleged violation of the Speedy Trial Act. Following several hearings and consideration of the memoranda, the court denied Mr. Larson's Motion to Dismiss. Thereafter, following a 4-day jury trial, Mr. Larson was convicted of counts 1 through 5 of the indictment and sentenced to a term of life in the custody of the United States Bureau of Prisons. Mr. Larson appealed the court's denial of his Motion to Dismiss to the Tenth Circuit Court of Appeals, and on December 20, 2010, the Tenth Circuit reversed the district court's denial of the Motion to Dismiss for violating the Speedy Trial Act. The Tenth Circuit remanded the case to the district court to determine whether the indictment should be dismissed with or without prejudice.

**BACKGROUND**

1

On August 16, 2006, Mr. Larson was indicted on charges of manufacturing or attempting to manufacture methamphetamine, and possession of listed chemicals, pseudoephedrine, ephedrine, phosphorous, and iodine. Mr. Larson was subsequently arrested and brought before Magistrate Judge Paul Warner on June 26, 2007, for an initial appearance and arraignment on the charges against him. The court appointed Ms. Wendy Lewis, Assistant Utah Federal Defender, to represent Mr. Larson, and Mr. Larson entered a plea of not guilty. Mr. Larson also waived a detention hearing and remained in the custody of the United States Marshal pending resolution of the case. A scheduling conference was set for the following week.

At the scheduling conference on July 3, 2007, a jury trial was set for August 27, 2007. On August 8, 2007, nineteen days prior to trial, Wendy Lewis filed a Motion to Withdraw as Counsel for Mr. Larson. Her motion stated that "a conflict has recently arisen in the Utah Federal Defender's Office and it has become necessary for counsel and the entire Federal Defender's Office to Withdraw." (Dkt. No. 53.) On August 13, 2007, the court granted the Motion to Withdraw. The parties appeared before Magistrate Judge Warner three days later, and Mr. Richard Mauro was appointed as new counsel for Mr. Larson.

A scheduling conference was held on August 31, 2007, with Richard Mauro appearing with Mr. Larson. The court reset the jury trial for November 6, 2007, and set October 31, 2007, as the new date when motions were due. The Scheduling Order signed by Judge J. Thomas Greene states, "[a]ll time between August 31, 2007 and November 6, 2007 is excluded under the Speedy Trial Act . . . as new counsel has recently been appointed to represent Defendant Larson and needs time to prepare the case." (Dkt. No. 63.)

On October 25, 2007, Vernon Stejskal, Special Assistant United States Attorney, wrote a letter to Mr. Larson's attorney, stating that he had every intention of trying the case as scheduled on November 6, 2007, unless the parties could resolve the case before then. Subsequently, Richard Mauro filed a Motion to Continue Trial on October 30, 2007, asserting that he needed more time to prepare for trial. (Dkt. No. 83.) The motion stated that, "Mr. Larson has no objection to a continuance of this matter and understands that the time period in which this matter is continued is excluded in computing the time under the Speedy Trial Act." (*Id.*) Judge Greene granted the Motion to Continue Trial on November 1, 2007. (Dkt. No. 87.)

Thereafter, the parties appeared before Judge Greene on November 6, 2007, for a scheduling conference. At that conference, Mr. Stejskal told the court that defense counsel had been provided all discovery from the government and that the government was prepared to proceed to trial. The court scheduled the case for a three-day jury trial to begin on January 22, 2008. At the conclusion of the scheduling conference, Judge Greene asked the government to prepare an order memorializing the hearing. Judge Greene directed the government to include in the order "an exclusion of time for the purposes of computation under the Speedy Trial Act." (Transcript of hearing, November 6, 2007 pp. 9-10.) The government has represented to the court that it prepared the order as requested by Judge Greene and submitted it to the court for the judge's signature. However, for reasons lost to history, a signed order was never entered on the docket.

On November 21, 2007, the case was reassigned to Judge David Sam. Judge Sam subsequently issued a notice that all scheduling set by Judge Greene would be adopted without

change. (Dkt. No. 90.)

Thirteen days before trial was set to begin on January 22, 2008, Mr. Larson's attorney, Richard Mauro, filed another Motion to Continue Trial. Again, the motion stated that,

> Mr. Larson has no objection to a continuance of this matter and understands that the time period in which this matter is continued is excluded in computing the time under the Speedy Trial Act. 18 U.S.C. § 3161. Mr. Larson asserts that the ends of justice served by the granting of such continuance outweigh the best interests of the public and defendant in a speedy trial.

(Dkt. No. 91.) The motion also stated that the government had no objection to the motion. On January 10, 2008, Judge Sam granted Mr. Larson's Motion to Continue and reset the trial for March 11, 2008. In its order, the court stated that the "period of the continuance is excluded from the Speedy Trial Act time requirements for reasons consistent with the provisions of 18 U.S.C. § 3161(h)(8)." (Dkt. No. 92.)

On March 4, 2008, Richard Mauro filed another Motion to Continue. (Dkt. No. 95.) Again, the motion stated that Mr. Larson had no objection to a continuance and understood that time would be excluded under the Speedy Trial Act. The motion also stated that the government had no objection to the motion. Judge Sam granted the Motion to Continue and reset the trial for May 13, 2008. (Dkt. No. 96.) The court stated in its order that the time was excluded under the Speedy Trial Act for several reasons, including Mr. Mauro's representation that he had recently been appointed to two capital cases, which required immediate and substantial work of him. (*Id.*)

Thereafter, on April 3, 2008, Mr. Stejskal sent a letter to Richard Mauro expressing frustration at the number of times the defense had continued the trial. Mr. Stejskal also stated

4

that the government would not stipulate to any more continuances, and that he was prepared to proceed to trial on May 13, 2008. (Dkt. No. 148, Ex. 3.)

On April 30, 2008, the parties appeared before Judge Sam for a scheduling conference. At the hearing, Mr. Larson presented a handwritten pleading, captioned "Motion to Dismiss Counsel, Motion for Reappointment of Counsel." (Dkt. No. 106.) In his motion, Mr. Larson asked the court to dismiss Richard Mauro as his attorney because there were "irreconcilable differences between Mr. Richard P. Mauro and the defendant, Paul Andrew Larson." (*Id.*) Mr. Larson requested the court to appoint new counsel to replace Mr. Mauro. Judge Sam referred the matter to Magistrate Judge Warner.

Later that same day, the parties appeared before Magistrate Judge Warner regarding Mr. Larson's request for new counsel. The court granted Mr. Larson's motion and allowed Mr. Mauro to withdraw. The court then appointed David Finlayson to represent Mr. Larson and a new trial date was set for June 24, 2008. On May 2, 2008, Magistrate Judge Warner signed a scheduling order that stated, "[a]ll time between April 30, 2008 and June 24, 2008 is excluded under the Speedy Trial Act 18 U.S.C. § 3161 (h)(8)(A), as new counsel was appointed on April 30 to represent Defendant Larson and needs time to adequately prepare the case." (Dkt. No. 107.)

Two weeks before the trial was set to begin, David Finlayson filed a Motion to Continue Jury Trial. (Dkt. No. 112.) In the motion, Mr. Finlayson stated that he and Mr. Larson needed more time to review the case and to negotiate with the government. Mr. Finlayson stated that he had discussed the case on several occasions with Mr. Larson and that Mr. Larson wanted his trial

continued. Additionally, the motion stated that Mr. Larson "hereby waives the time under the Speedy Trial Act." (*Id.*) On June 14, 2008, the court signed an order granting Mr. Larson's Motion to Continue Jury Trial. (Dkt. No. 113.) The trial was rescheduled for August 20, 2008, and the court excluded all time between June 14, 2008, and August 20, 2008, from the Speedy Trial Act calculation. (*Id.*)

Thereafter, on August 1, 2008, Mr. Finlayson filed a Motion to Suppress. (Dkt. No. 117.) Two weeks later, Mr. Finlayson filed another Motion to Continue Jury Trial, this time because a Motion to Suppress had been filed and additional time was needed to resolve that issue. The motion stated that Mr. Larson waived the time under the Speedy Trial Act. (Dkt. No. 119.) On August 19, 2008, the court entered an order continuing the trial until October 14, 2008, and specifically excluded the time under the Speedy Trial Act. (Dkt. No. 121.)

On September 16, 2008, Mr. Finlayson filed a Motion to Withdraw as Court Appointed Counsel for Mr. Larson. (Dkt. No. 124.) Mr. Finlayson stated that there was a conflict of interest because Mr. Finlayson's former client would be a witness in Mr. Larson's case. The court granted Mr. Finlayson's Motion to Withdraw and a hearing was held before Magistrate Judge Warner on September 23, 2008, to appoint new counsel for Mr. Larson. The court appointed Robin Ljungberg to represent Mr. Larson, and Mr. Ljungberg was informed of the status of the pending Motion to Suppress. The court reset the trial for December 1, 2008, and Magistrate Judge Warner specifically found that time through December 1, 2008, was excluded under the Speedy Trial Act due to the appearance of new counsel and the need for counsel to review discovery and prepare for trial. (Dkt. No. 309, p. 13.)

On October 14, 2008, Randall Gaither filed a Notice of Attorney Appearance and Motion for Substitution of Counsel on behalf of Mr. Larson. (Dkt. Nos. 129 and 130.) On October 24, 2008, the court granted Mr. Gaither's Motion for Substitution of Counsel. (Dkt. No. 132.)

On October 30, 2008, Mr. Larson filed a Motion to Dismiss based upon an alleged violation of the Speedy Trial Act. (Dkt. No. 138.) The court heard oral argument on the Motion to Dismiss on November 19, 2008, and ordered the parties to provide further briefing on the matter to the court. The government filed a Memorandum in Opposition to the Motion to Dismiss on November 20, 2008, (Dkt. No. 148), and Mr. Larson filed his reply memorandum on November 21, 2008. (Dkt. No. 150.) Subsequently, the government filed a supplemental response to Mr. Larson's Motion to Dismiss on December 10, 2008, (Dkt. No. 168), and Mr. Larson filed a Final Memorandum in Support of his Motion to Dismiss on December 15, 2008. (Dkt. No. 171.) After hearing oral argument on the Motion to Dismiss on January 14, 2009, the court denied Mr. Larson's motion. (Dkt. Nos. 203 and 209.)

A jury trial was eventually held on March 23-26, 2009, and Mr. Larson was found guilty of counts 1 through 5 of the indictment. On September 2, 2009, Mr. Larson was sentenced to a term of life in the custody of the Bureau of Prisons.

Mr. Larson appealed the district court's denial of his Motion to Dismiss on Speedy Trial grounds to the Tenth Circuit Court of Appeals. On December 20, 2010, the Tenth Circuit reversed the district court's denial of the Motion to Dismiss and found that the Speedy Trial Act had been violated. The Tenth Circuit remanded the case to the district court to determine whether the indictment should be dismissed with or without prejudice.

On March 25, 2011, Mr. Larson filed a Memorandum Requesting Dismissal With Prejudice and the government filed a Memorandum in Support of Dismissal Without Prejudice. (Dkt. Nos. 342 and 343.) On May 2, 2011, the court heard oral argument on whether the indictment should be dismissed with or without prejudice. At the conclusion of the hearing, Mr. Larson's attorney, Mr. Gaither, requested the opportunity to submit proposed findings of fact and conclusions of law, and the court granted that request.

On May 31, 2011, Mr. Gaither filed a Post-Hearing Memorandum as to Proposed Findings of Fact and Conclusions of Law. (Dkt. No. 350.) The government also filed a Post-Hearing Memorandum Requesting Dismissal Without Prejudice on the following day. (Dkt. No. 351.)

## ANALYSIS

In determining whether to dismiss an indictment with or without prejudice for a violation of the Speedy Trial Act, the court considers the following factors listed in 18 U.S.C. § 3162(a)(2): "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." The Tenth Circuit Court of Appeals has stated that "[d]ismissals with prejudice 'should be reserved for more egregious violations' of the Speedy Trial Act." *United States v. Larson*, 627 F.3d 1198, 1211 (10th Cir. 2010) (quoting *United States v. Abdush-Shakur*, 465 F.3d 458, 462 (10th Cir. 2006)).

SERIOUSNESS OF THE OFFENSE

"If the court determines the offense committed by the defendant is serious, this factor

weighs in favor of dismissing without prejudice." *United States v. Saltzman*, 984 F.2d 1087, 1092-93 (10th Cir. 1993). The Tenth Circuit has stated that felony drug charges are serious offenses. *Id.* at 1093 n.8 (citing *United States v. Taylor*, 487 U.S. 326, 337-38 (1988)). In *Saltzman*, the Tenth Circuit held that obtaining a precursor chemical with the intent to manufacture methamphetamine was a serious drug-related crime. *Id.* at 1093.

In this case, Mr. Larson was found in possession of enough red phosphorous to manufacture over three kilograms of actual methamphetamine. He also had enough ephedrine and pseudoephedrine to manufacture over one kilogram of actual methamphetamine. Furthermore, Mr. Larson has been previously convicted of manufacturing and distributing methamphetamine, which subjects him to a mandatory life sentence under 21 U.S.C. § 851. Given these facts, there is no doubt Mr. Larson's conviction in this matter was for a serious offense.[1] Accordingly, this factor weighs in favor of dismissing the indictment without prejudice.

## FACTS AND CIRCUMSTANCES OF THE CASE LEADING TO DISMISSAL

The second factor to consider, the facts and circumstances leading to dismissal, "focus[es] 'on the culpability of the delay-producing conduct.'" *Id.* (quoting *United States v. Hastings*, 847 F.2d 920, 925 (1st Cir. 1988)).

> Where the delay is the result of intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice is the appropriate remedy. Conversely, "[a] defendant who waits passively while the time runs has less

---

[1]Even Mr. Larson seems to agree that his offense was serious. In his memorandum, Mr. Larson states that "[t]he degree of severity of the offense is probably the major factor that would cause this Court not to dismiss the case" with prejudice. (Def.'s Pre-Hearing Mem. in Supp. of Dismissal With Prejudice at 17.)

claim to dismissal with prejudice than does a defendant who demands, but does not receive, prompt attention."

*Id.* at 1093-94 (quoting *United States v. Fountain*, 840 F.2d 509, 513 (7th Cir. 1988)).

Although the government stipulated to defense counsel's many requests for continuances, there is no evidence to suggest that the government's conduct was done in bad faith or reflected a pattern of neglect. The government never moved to continue the trial and, in fact, sent two letters to defense counsel on separate occasions, stating that the government was ready and willing to proceed to trial. In contrast to the government, the defendant, through his counsel, filed every motion for continuance in this matter. In each motion, defense counsel represented that Mr. Larson had been consulted about the continuance and that Mr. Larson understood time would be excluded from the Speedy Trial Act calculation. In each instance, defense counsel stated that Mr. Larson agreed with his counsel to have the trial continued. Moreover, although Mr. Larson appeared before the court on at least six occasions between his initial appearance and the filing of his Motion to Dismiss, he never asserted to the court that he wanted a speedy trial or that he objected to the many delays he and his counsel had caused. While Mr. Larson now claims he wanted a Speedy Trial, his actions throughout this case demonstrate a contrary position.

Additionally, this court's findings are consistent with those of the Tenth Circuit. In its appellate ruling, the Tenth Circuit stated that "the government argues persuasively that every continuance is attributable to Mr. Larson," and that "the reason for the delay weighs heavily against Mr. Larson." *Larson*, 627 F.3d at 1209-10. For all of these reasons, this factor weighs heavily in favor of dismissal without prejudice.

IMPACT OF REPROSECUTION

The third factor to consider is the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice. In analyzing this factor, the court also considers the prejudice suffered by the defendant from the delay. *Saltzman*, 984 F.2d at 1094. The defendant has a burden under the Speedy Trial Act to demonstrate specific prejudice resulting from the delay. *Id.*

Mr. Larson claims he has been prejudiced by the delay because some of his witnesses may be unavailable to testify at a retrial. At the hearing on May 2, 2011, Mr. Larson testified that he gave his former counsel and investigators a list of potential witnesses who could testify on his behalf. Now, Mr. Larson argues that "it is reasonable that some of the witnesses will not be available for any retrial." (Def.'s Post-Hearing Mem. as to Proposed Findings of Fact and Conclusions of Law at 20.) Mr. Larson specifically mentioned that one material witness, Brok Mergetts, "may be presently unavailable" if a retrial were necessary. (Def.'s Pre-Hearing Mem. in Supp. of Dismissal with Prejudice, at 25.)

At his trial in 2009, Mr. Larson called several witnesses to testify on his behalf, including two jailhouse witnesses. During Mr. Larson's testimony at the hearing on May 2, 2011, Mr. Stejskal asked Mr. Larson about the availability of those jailhouse witnesses if a retrial were necessary in this matter.

MR. STEJSKAL: Isn't it true that you chose the best of your jailhouse witnesses and presented them at trial?

MR. LARSON: Those were the only two that I could think of that were close to me and

the only two I had.

      MR. STEJSKAL: And they could testify again if you were to go to trial?

      MR. LARSON: I have no idea where they are at. I don't know if I can find out.

(Transcript of hearing on 5/2/2011, p. 82.)

      Although Mr. Larson claims his witnesses "may be unavailable" at a retrial, he has made no attempt to actually locate the potential witnesses to determine their availability. Instead, he simply relies upon his own assertion that witnesses "may" be unavailable. In reality, Mr. Larson does not know whether his witnesses are unavailable. As such, Mr. Larson has failed to carry his burden of demonstrating specific prejudice resulting from the delay. Moreover, even if some of Mr. Larson's witnesses were unavailable, their testimony would most likely be admissible under Rule 804 of the Federal Rules of Evidence as prior trial testimony. Mr. Larson has not demonstrated that his witnesses' prior testimony would be inadmissible at a new trial or even how he would be prejudiced by the lack of such testimony. Accordingly, the court finds that Mr. Larson has failed to show specific prejudice resulting from the delay.

      Furthermore, Mr. Larson has failed to put forth any evidence to show that reprosecution would negatively impact the administration of the Speedy Trial Act or the administration of justice. Rather, based upon the facts of this case, it appears the opposite would be true. As the Tenth Circuit has noted, the public has a "strong interest in requiring [the] defendant to be held responsible for his crimes." *United States v. Lopez*, No. 97-4168, 1998 WL 892297 (10th Cir. Dec. 23, 1998) (unpublished). Based on the current state of the record, Mr. Larson has failed to overcome that interest.

Finally, although Mr. Larson urges the court to dismiss the indictment with prejudice to adjust for the failure "to pay attention to the Speedy Trial rights of a pretrial detainee," (Def.'s Pre-Hearing Mem. in Supp. of Dismissal with Prejudice, at 5), the court notes that while dismissal with prejudice sends a strong message to the government, dismissal without prejudice is not a toothless sanction. Dismissing the indictment without prejudice

> forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds. Given the burdens borne by the prosecution and the effect of delay on the Government's ability to meet those burdens, substantial delay well may make reprosecution, even if permitted, unlikely. If the greater deterrent effect of barring reprosecution could alone support a decision to dismiss with prejudice, the consideration of the other factors identified in § 3162(a)(2) would be superfluous, and all violations would warrant barring reprosecution.

*United States v. Taylor*, 487 U.S. 326, 342 (1988). Therefore, the third factor also weighs in favor of dismissing the indictment without prejudice.

## **CONCLUSION**

For all of the reasons stated above, the court dismisses the indictment against Mr. Paul Andrew Larson WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED this 10th day of August, 2011.

_____
Dee Benson
United States District Judge